**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW CHAD BIGGS, <br><br> Plaintiff - Appellant <br><br> v. <br><br> GILBERT POLICE DEPARTMENT; TOWN OF GILBERT, a municipality; TIMOTHY DORN, husband; KIM DORN, wife, AKA Unknown Dorn; SY RAY, husband; LEXI RAY, wife, AKA Unknown Ray; MIKE ANGSTEAD, husband; LISA ANGSTEAD, wife, AKA Unknown Angstead; KEN BUCKLAND, Husband; CHRISTI BUCKLAND, wife, AKA Unknown Buckland; BENNY FISHER, husband; HEATHER FISHER, wife, AKA Unknown Fisher; TOM BLAINE, husband; KAREN BLAINE, wife, AKA Unknown Blaine; PETER RANGEL, husband; AIMEE THORPE RANGEL, wife, AKA Unknown Rangel; CHRIS ZAMORA, wife; AMANDA ZAMORA, wife, AKA Unknown Zamora; MARK MARINO, husband; KAREN A. MARINO, wife, AKA Unknown Marino, <br><br> Defendants - Appellees. | No. 12-15210 <br><br> D.C. No. 2:11 cv-330 JAT <br><br> MEMORANDUM* |

---

       * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted March 11, 2014
San Francisco, California

Before:    FARRIS, REINHARDT, and TASHIMA, Circuit Judges.

Plaintiff-Appellant Andrew Chad Biggs appeals the district court's grant of judgment on the pleadings to Defendants-Appellees Gilbert Police Department and others. Biggs, a former police officer, alleges that his superiors in the Police Department retaliated against him for obtaining a lawyer during an internal investigation of Biggs' conduct in an off-duty shooting. Biggs contends that his superiors' allegedly retaliatory actions violated his Fourteenth Amendment right of intimate association with his attorney, under *Roberts v. United States Jaycees*, 468 U.S. 609 (1984). The district court dismissed Biggs' intimate association claim, holding that the right of intimate association did not protect Biggs' relationship with his attorney. We agree.[1]

The Fourteenth Amendment right of intimate association does not extend to Biggs' relationship with his attorney. We reach this conclusion paying close

---

[1]    Biggs also asserted a number of other claims in the district court which are not before us. Biggs appeals only his Fourteenth Amendment intimate association claim.

-2-

attention to the unique characteristics of the particular relationship Biggs seeks to protect. *See id*. at 620 (explaining that the intimate association inquiry "unavoidably entails a careful assessment of where [a particular] relationship's objective characteristics locate it on a spectrum from the most intimate to the most attenuated of personal attachments"). In particular, although small and apparently congenial, Biggs' relationship with his attorney was not enduring;[2] Biggs' union, not Biggs, selected the attorney; and the relationship did not serve to "cultivat[e] and transmit[] shared ideals and beliefs," offer "emotional enrichment," or enable "the ability independently to define [Biggs's] identity." *Roberts*, 468 U.S. at 618-20; *see also Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1050 (9th Cir. 2000) (rejecting psychoanalyst-patient association claim); *IDK, Inc. v. Clark Cnty.*, 836 F.2d 1185, 1193 (9th Cir. 1988) (same for escort-client relationship); *cf. Fair Housing Council v. Roommate.com, LLC*, 666 F.3d 1216, 1220-22 (9th Cir. 2012) (indicating as a matter of constitutional avoidance in a statutory interpretation case that roommates would be entitled to constitutional protection because "it's hard to imagine a relationship more intimate than that between roommates, who share living rooms, dining rooms, kitchens, bathrooms, and even bedrooms").

---

[2] Indeed, Biggs appears to have retained new counsel for his appeal.

We express no view on whether the right of intimate association might protect attorney-client relationships in other cases. *Cf. Johnson v. Cincinnati*, 310 F.3d 484, 487-89, 501 (6th Cir. 2002) (holding the right of intimate association protected a client's relationship with his attorney where the client was homeless and could not visit his volunteer attorney without risking criminal punishment for entering the neighborhood in which the attorney had his office). Nor do we hold that any one of the characteristics of Biggs' relationship is individually dispositive of our analysis. Rather, we hold that under the facts of this case and the combination of factors defining Biggs' relationship with his attorney, the Fourteenth Amendment right of intimate association offers Biggs no protection.

The judgment of the district court is **AFFIRMED**.

*Biggs v. Gilbert Police Dep't*, No. 12-15210

REINHARDT, Circuit Judge, concurring.


I concur, but only for the reason that Biggs has not pled sufficient, nonconclusory allegations of retaliation. Like the majority, I express no view as to when or under what circumstances a relationship between an attorney and a client might qualify for protection under the Due Process Clause of the Fourteenth Amendment.

1